HARRY M. HARRIS, ALIAS JOHN M. HARRIS, v. THE STATE.

No. 3121. Decided May 6, 1914.

1.—Bigamy—Evidence—Marriage License—Sufficiency of the Evidence.

Where, upon trial of bigamy, the marriage license between defendant and his alleged first wife was properly introduced in evidence and defendant was identified as the man described in said license, there was no error in refusing a peremptory instruction to acquit.

**2.—Same—Continuance—Facts Expected to Be Proved.**

Where the application for continuance did not state what facts were expected to be proven by the absent witness, there was no error in overruling the motion.

**3.—Same—Substitution of Indictment—Agreement.**

While it is always better practice to pursue the statutory mode of substituting an indictment, yet when it was done by agreement, objection thereto comes too late after trial, it not being contended that the indictment substituted is not a copy of the original indictment.

**4.—Same—Evidence—Character for Chastity of First Wife.**

Upon trial of bigamy, there was no error in refusing to admit testimony that defendant's first wife had been guilty of illicit intercourse with other men; besides, the bill of exceptions was insufficient.

**5.—Same—Evidence—Bill of Exception.**

Where the bill of exceptions stated that no such testimony as was objected to was admitted, there was no error.

**6.—Same—Argument of Counsel—Bill of Exceptions.**

Where the argument of counsel is neither a direct nor an indirect reference to defendant's failure to testify, there was no error; besides, the bill of exceptions was defective.

**7.—Same—Argument of Counsel—Credibility of Witness—Convict.**

The fact that the witness had been convicted of a felony and was thereafter pardoned was admissible as affecting the credibility of the witness, and the prosecuting officer had a right to comment thereon.

**8.—Same—Evidence—Hotel Register.**

Upon trial of bigamy, there was no error in introducing in evidence a leaf out of the hotel register showing that the defendant had registered with his alleged wife, defendant's identity having been shown.

**9.—Same—Marriage License—Filing.**

Upon trial of bigamy, the marriage license was properly admitted in evidence and it was not necessary that the same be filed with the papers in the case.

**10.—Same—Newly Discovered Evidence.**

Where it appeared from the record on appeal that the alleged absent witness from whom the newly discovered evidence was expected to be derived had been in attendance on the trial and had not been used as a witness, there was no error.

**11.—Same—Marriage License—Copy.**

Where a copy of the original marriage license is contained in the statement of facts and there is nothing to show that it is not a true copy, an application that the original license be sent up to this court must be overruled.

Appeal from the District Court of Cherokee. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of bigamy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Rose,* for appellant.—On question of identity of defendant: Burton v. State, 51 Texas Crim. Rep., 196, 101 S. W. Rep., 226; Goad v. State, 51 Texas Crim. Rep., 393, 102 S. W. Rep., 121; Harris v. State, 72 Texas Crim. Rep., 491, 161 S. W. Rep., 125.

On question of substituting indictment: Strong v. State, 18 Texas Crim. App., 19; Rogers v. State, 11 Texas Crim. App., 608; Clampitt v. State, 3 id., 638.

On question of filing marriage license: Burton v. State, 51 Texas Crim. Rep., 196, 101 S. W. Rep., 226.

On question of newly discovered evidence: West v. State, 2 Texas Crim. App., 209.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of bigamy, and his punishment assessed at five years confinement in the penitentiary.

Appellant admitted his marriage to Miss Venia Chaney on the 16th day of July, 1912, and denied that he had theretofore married Miss Alice Ellison on the 15th day of December, 1911, in San Antonio.

The marriage license issued authorizing the marriage of John M. Harris and Alice Ellison was properly proven up on this trial and there was no error in admitting it in evidence, as was also the return of Ben I. Fisk, justice of the peace, showing that he performed the ceremony on the 15th day of December, 1911. So the really only contested issue in the case, as made by the testimony, is whether or not appellant, Harry M. Harris, is one and the same person as the John M. Harris who married Miss Ellison in December, 1911. The party who witnessed the marriage in San Antonio was unable to identify appellant as the man; that he witnesses so many marriages in Mr. Fisk's office he would be unable to identify any of them, unless he personally knew the parties. However, the other facts and circumstances in evidence amply support the verdict of the jury in finding that appellant was the man who married Miss Ellison on the 15th day of December, 1911, and the court therefore did not err in refusing to instruct a verdict of not guilty. Miss Politzer swears that appellant was in San Antonio at that time, and he introduced Miss Ellison as his wife, and they roomed at her mother's.

As to the motion for continuance, it appears that all the witnesses named in the application attended court except one, W. M. Powers, and by reading the application for continuance it is seen that it is not therein stated what facts were expected to be proven by this witness; in fact it wholly fails to state that the witness would testify to anything, or it was expected he would testify to any fact. Under such circumstances there was no error in overruling the motion for continuance.

It further appears that the prosecuting attorney had the indictment when the case was called for trial, and called his witnesses from the back of it. That he then delivered the papers to defendant's attorney, who made a list of the witnesses, and returned the papers to the prosecuting officer. It was then found that the indictment during this time had been lost or mislaid. As the indictment had been misplaced while the papers were in the hands of defendant's attorney, he stated he had

a copy of the indictment served on appellant, and that could be used as a substitute indictment. This was done at the suggestion and consent of appellant's counsel while he was present. It is now contended that while appellant's counsel did as stated, yet appellant in person made no such agreement, and the substitution should have been made in the manner provided by the statute. While it would always be better to pursue the statutory mode of substituting an indictment, yet when it was done by agreement, objection thereto comes too late after trial, when it is not contended that the indictment substituted is not a copy of the original indictment.

There was no error in refusing to admit testimony that the first Mrs. Harris had been guilty of illicit intercourse with other persons in August, 1911, or six months after the date of her marriage to appellant. This might furnish grounds for divorce, but in and of itself would not divorce appellant, nor authorize him to marry another woman while she was his legal wife. It would not shed any light on whether or not he had in fact married her in December, 1911. The bills in regard to this matter are too incomplete any way, for while they state the questions propounded, yet they do not state what answer the witnesses would have given or were expected to make.

Bill of exceptions No. 7 is not approved by the court, but the court specifically says no such testimony was admitted, and of course if the testimony was not admitted, the court did not err in the premises.

The bill complaining of the remarks of the district attorney is not approved by the court, but he says that the county attorney stated "that the witness Politzer had expressly identified defendant as being the man who roomed with his wife at her mother's, and she had not been impeached nor contradicted," and that this was all that was said by him about the matter. This is not a direct nor indirect reference to defendant's failure to testify, and was perfectly legitimate argument.

The fact that the county attorney commented on the fact that the first witness for defendant had been convicted of the crime of murder, and was pardoned by the Governor, was legitimate argument. The fact that the witness had been convicted of a felony was admissible as affecting his credit as a witness, and the prosecuting officer had a right to comment thereon.

The leaf out of the register at the Ferguson Hotel at Mineola, showing that appellant had registered at that hotel in March, 1912, and that he registered himself and the lady with him as "J. M. Harris and wife," was properly admitted in evidence. Mrs. Croft, the owner of the hotel, identified appellant as the person stopping at her hotel, and the first Mrs. Harris, nee Miss Ellison, as the woman stopping there with him at that time. She also testified that appellant had informed her that this was his wife.

As Mr. Patterson testified that the license offered in evidence was the original license issued by the clerk; that he was deputy in the county clerk's office, and knew the signature to be genuine, and it being under

the seal of the clerk, there was no error in admitting the license, although it had not been filed with the papers in the case.

That paragraph in the motion for new trial alleging newly discovered evidence presents no ground for a new trial as approved by the court. The court shows that the witness was in attendance in court, and after being conferred with by appellant's counsel, he was not placed on the witness stand.

Appellant has filed an application asking that we order the original license sent up to this court. A copy of it is in the statement of facts; it is not alleged that it is not a true copy, and no useful purpose can be served in so doing. No contention is made that the original license would aid us in solving the questions.

We have carefully reviewed each ground in the motion for a new trial, and each bill of exceptions, and none of them present error, therefore the judgment is affirmed.

*Affirmed.*